Filed 10/5/22  In re M.R. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re M.R., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B318662 (Super. Ct. No. J072419) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>S.R.,<br><br>    Defendant and Appellant. | |

S.R. (Mother) appeals an order of the juvenile court terminating her parental rights to M.R., her minor child.  (Welf. & Inst. Code, § 366.26.)[1]  The Ventura County Human Services Agency (HAS) filed a juvenile dependency petition alleging the

---

[1] All statutory references are to the Welfare and Institutions Code.

child was a dependent child and was at a substantial risk of harm because of, among other things, Mother's untreated substance abuse. (§ 300, subds. (b)(1), (g) & (j).) The court found the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1914) did not apply. We conclude, among other things, that HAS did not conduct a sufficient inquiry to determine whether the child was an Indian child as required by ICWA. The court erred by finding ICWA did not apply. We "conditionally affirm" and remand with instructions. (*In re Antonio R.* (2022) 76 Cal.App.5th 421, 436-437.)

## FACTS

On February 19, 2020, HAS filed a juvenile dependency petition alleging: 1) Mother's "substance abuse" interferes with her ability to care for her infant child; 2) Mother engages in "domestic disputes" that constitute a "substantial risk of physical and emotional harm" for the child; and 3) the child's half-siblings were declared dependents of the juvenile court in 2018 because of Mother's "substance abuse and incidents of domestic disputes."

In a detention report, HAS said Mother has a history of "mental health concerns" with "diagnosis of bipolar, PTSD, and depression." She was hospitalized three times in 2009 for "suicidal behavior that involved[] cutting and auditory hallucinations." Mother had two other children who were dependents of the juvenile court. She was provided with 12 months of family reunification services which were terminated on August 20, 2019, due to Mother's "lack of participation in services."

On February 20, the juvenile court found the child comes "within Section 300," the child cannot continue to live in Mother's home, and he must be temporarily placed with HAS.

At an April jurisdiction and disposition hearing, the juvenile court sustained the petition and declared the child a dependent of the court. It found Mother has mental health issues that interfere with her ability to care for the child. It ordered HAS to provide family reunification services for Mother and supervised visitation. The court ordered Mother to submit to random drug testing. (*Ibid.*)

At an 18-month hearing, the juvenile court found: 1) HAS offered reasonable services for Mother, and 2) the "extent of progress made by [Mother] toward alleviating or mitigating the causes necessitating placement has been minimal." The court terminated Mother's family reunification services. It set the case for a section 366.26 hearing.

On January 5, 2022, after conducting a section 366.26 hearing, the juvenile court terminated Mother's parental rights.

*ICWA*

HAS interviewed Mother in 2020, who indicated that she was not aware of any Indian ancestry. HAS also interviewed the child's maternal grandmother about placement for the child. It did not interview her regarding the Indian heritage issue.

The trial court found ICWA did not apply. On January 5, 2022, HAS said, "During this review period, there has been no new information regarding ICWA to provide to the Court, and no new relatives have been located." (*Ibid.*)

DISCUSSION

*ICWA*

Mother and HAS contend the juvenile court erred by finding ICWA did not apply because HAS did not conduct a sufficient inquiry to determine whether the child was an Indian child as required by ICWA. We agree.

3

Where a child in a dependency proceeding may be an Indian child, ICWA requires notice to the child's Indian tribe so the tribe may decide whether the child in entitled to tribal membership. (*In re Y.W.* (2021) 70 Cal.App.5th 542, 551.) The tribe has a right to intervene in the proceedings where an Indian child is involved. (*Ibid.*) ICWA requires HAS to conduct a sufficient inquiry of the child's relatives to determine whether the child may have Indian ancestry. (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

Here the parties agree that HAS did not make an inquiry of the child's maternal grandmother to determine whether the child had any Indian ancestry. That failure is prejudicial, and a "conditional affirmance" and remand are required. (*In re Antonio R.*, *supra*, 76 Cal.App.5th at pp. 436-437.)

DISPOSITION

The order terminating Mother's parental rights is conditionally affirmed. We remand to the juvenile court: 1) for HAS "to comply with the inquiry and notice provisions of ICWA and California law," and 2) to make a sufficient inquiry to the maternal family members. If the court on remand finds the child is an Indian child, it shall conduct a new section 366.26 hearing, "as well as all further proceedings, in compliance with ICWA and related California law." (*In re Antonio R.*, *supra*, 76 Cal.App.5th at p. 437.) "If not, the court's original section 366.26 order will remain in effect." (*Ibid.*)

NOT TO BE PUBLISHED.

4

                                        GILBERT, P. J.

I concur:


        PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

YEGAN, J., Dissenting:

I respectfully dissent for the reasons stated in my dissenting opinion in *In re J.K.* (Sept. 16, 2022, B319316) ___ Cal.App.5th ___ (dis. opn. of Yegan, J.) [2022 Cal.App.LEXIS 794].

NOT TO BE PUBLISHED.


YEGAN, J.

Tari L. Cody, Judge

Superior Court County of Ventura

_____

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

Tiffany N. North, County Counsel, Joseph J. Randazzo, Principal Assistant County Counsel, for Plaintiff and Respondent.